KARL KIEFER MACHINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8396.   Promulgated February 28, 1927.

1. The action of the Commissioner in including in invested capital for the taxable year 1920 certain patents paid in to petitioner in 1908 and subsequent thereto for stock to the extent of 25 per cent of the par value of the capital stock outstanding on March 3, 1917, is approved.

2. In 1908 a mixed aggregate of assets, in which were included certain patents, were paid in to petitioner for $192,000 par value of stock. In 1914 the capital stock was reduced to $70,000 par value and $122,000 was credited to surplus. Petitioner claims that the patents paid in for stock had an actual cash value of $75,000 at the time they were paid in and that, in the circumstances, that amount should have been included in invested capital for 1920 as paid-in surplus, instead of the amount of $17,500 allowed by the Commissioner on the basis of 25 per cent of the stock outstanding on March 3, 1917. In the absence of competent evidence showing

that the patents had an actual cash value at the time paid in greater than the amount determined by the Commissioner, it is unnecessary to decide the issue raised.

3. In the absence of competent evidence showing the amount of income, invested capital, and the total tax for the taxable year, the Board can not determine whether the computation of the petitioner's profits tax under the provision of section 301 of the Revenue Act of 1918 works upon the corporation an exceptional hardship.

*F. L. Ratterman, Esq.*, and *John A. Baumann, C. P. A.*, for the petitioner.

*J. L. Deveney, Esq.*, for the respondent.

The Commissioner determined a deficiency in income and profits tax of $4,730.18 for the calendar year 1920. Petitioner claims that the Commissioner erred in applying the 25 per cent limitation specified in section 326 (a) (4) of the Revenue Act of 1918 in his determination of the amount to be included in invested capital for the taxable year on account of patents paid in for stock prior to March 3, 1917. In the alternative, petitioner claims that if the Commissioner's action in respect to its invested capital is approved, it is entitled to have its profits tax determined under the provisions of section 328 of the Revenue Act of 1918.

### FINDINGS OF FACT.

Petitioner is an Ohio corporation organized on September 2, 1908, to engage in the manufacture and sale of bottling and canning machinery, filters, pumps, and supplies, with principal office and place of business at Cincinnati.

Prior to November 2, 1908, Karl Kiefer had obtained ten or twelve United States patents covering certain machines invented by him. When petitioner was organized a mixed aggregate of assets, among which were included the patents owned by Kiefer and such other patents as he might thereafter obtain, were paid in to it for $192,000 par value of stock. One-half of this stock was issued to Kiefer and the remainder to a limited number of persons. In November, 1914, petitioner's stockholders concluded that the large outstanding capital stock was disadvantageous from a credit standpoint, whereupon the capital stock was reduced to $70,000, par value, and the difference between this amount and $192,000 was credited to surplus. The par value of the capital stock has at all times since remained in the amount of $70,000. None of the assets originally paid in for stock or subsequently acquired by the corporation were, at the time the capital stock was reduced, or at any time subsequent thereto, withdrawn or distributed to the stockholders.

Subsequent to 1908, Kiefer obtained and turned over to the corporation 65 additional patents. Petitioner was also using certain inventions for which Kiefer had made application for patents. Petitioner carried on its balance sheet, as an asset at January 1, 1920, patents at $75,000.

Since incorporation the major portion of petitioner's income has been attributable to patents which it owned. In years prior to 1920 petitioner earned as much as 10 per cent on $192,000.

In determining petitioner's statutory invested capital for the taxable year the Commissioner included therein patents at $17,500, representing 25 per cent of the par value of the total stock of the corporation outstanding on March 3, 1917, and at January 1, 1920.

OPINION.

LITTLETON: For the purpose of the excess-profits tax the Commissioner determined that the amount which petitioner was entitled to have included in its statutory invested capital for the taxable year on account of patents was $17,500. His action in this regard was strictly in accordance with the provisions of section 326 (a) (4) of the Revenue Act of 1918. Petitioner contends, however, that it is not the purpose of the statute to so limit the amount by which income shall be reduced on account of property invested in business in determining the amount of such income to be subjected to the excess-profits tax, when such property has not been withdrawn or distributed, merely because the par value of the capital stock of the corporation was reduced prior to March 3, 1917, and that, therefore, it is entitled to include in its invested capital for the calendar year 1920 the actual cash value in patents at the time paid in, and that the excess of the actual cash value of all property, including patents originally paid in, in excess of the par value of the stock as reduced, should be included in invested capital for the year 1920 as a paid-in surplus.

It is not necessary to consider whether there is merit in petitioner's contention that it is entitled to a paid-in surplus in respect of the patents for the year 1920, inasmuch as no competent evidence was introduced indicating that the patents and the contract rights to additional patents obtained by Kiefer had any value at the time paid in for stock in excess of that determined by the Commissioner,

In respect to petitioner's alternative claim that it is entitled to have its profits tax determined under the provisions of section 328 of the Revenue Act of 1918, we have no competent evidence showing the petitioner's income, invested capital, or the total tax for the year or that there were any abnormal conditions affecting either the capital or the income during 1920.

*Judgment will be entered for the Commissioner.*